IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

United States of America,    )
                             )
            Plaintiff,       )
                             )
     v.                      )    07 C 1550
                             )    (06 CR 29)
Bruce Grant,                 )
                             )
            Defendant.       )

MEMORANDUM ORDER

On September 29, 2006, two months after Bruce Grant ("Grant") had entered a blind guilty plea to Count One of an indictment charging a tax fraud conspiracy on the part of Grant and other tax preparers,[1] this Court sentenced Grant to a prison term of a year and a day. Although Grant's counsel Joseph Roddy had filed an excellent and persuasive Sentencing Memorandum on his behalf and had then presented an effective argument at the time of sentencing, thus contributing in a major way (1) to the calculation of a lower advisory Sentencing Guideline range than that proposed in the Presentence Investigation Report and then (2) to this Court's imposition of a custodial sentence substantially below that lower Guideline range, Grant has now filed a 28 U.S.C. § 2255 ("Section 2255") motion asserting that his counsel had rendered constitutionally ineffective assistance

---

[1] Grant was also named in 18 other Counts charging his preparation and presentation to the Internal Revenue Service of fraudulent claims for income tax refunds. Those counts were dismissed at the time of Grant's sentencing.

to him.  This Court dismisses Grant's motion out of hand for the reasons set out in this opinion.

Grant's affidavit in support of his motion states his belief that "this Court was very fair with me."  Instead he predicates his contention of counsel's ineffectiveness on what he labels his lawyer's "mistaken belief that this Court did not have the authority to impose ... a sentence" that would have required his custodial time to be served in a halfway house at 105 S. Ashland Avenue, Chicago, Illinois, so that "[m]y sentence was tainted by my attorney's misunderstanding of the law."  But the fundamental flaw in that argument is that his lawyer's knowledge of the law and his advice to Grant were entirely correct -- it is rather the advice that Grant appears to be getting from someone at the Oxford, Wisconsin Federal Prison Camp (where he is now in custody) that is mistaken.

It is crystal clear that 18 U.S.C. § 3621(b) vests in the Bureau of Prisons the sole discretion as to the designation of a federal prisoner's place of confinement, with the federal courts having no say in the matter other than to offer nonbinding recommendations.  In fact, this Court told Grant just that at the time of sentencing (Sept. 29, 2006 Tr. 71):

> Mr. Grant, I am sure Mr. Roddy has explained to you that the Court's recommendations are just that, and that the Bureau of Prisons -- I often get a letter from the District Director saying, "Thanks for the recommendation, Judge, but

> we have designated x instead of y because that fits our pattern better." But I am glad to include the recommendation.

That principle has been confirmed by the United States Supreme Court in United States v. Wilson, 508 U.S. 329, 335 (1992), and every federal court that has considered the issue has held that same principle negates any power on the part of the federal judiciary to make or control the designation (see, e.g., the nonprecedential disposition in United States v. Gomez-Vieyra, 04-1397, 112 Fed.Appx. 521 (7th Cir. 2004), which rejected as "frivolous" an argument like that now advanced by Grant).

In short, Grant does not come even close to meeting the standard for demonstrating the ineffectiveness of legal representation set out in the seminal opinion in Strickland v. Washington, 466 U.S. 668 (1984). Instead Grant's disparagement of his lawyer's able representation is a graphic illustration of the ironic aphorism that "no good deed goes unpunished."

As stated in Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." That same Rule 4(b) requires the dismissal of the motion, and this Court so orders. For the present Grant must continue to serve his sentence at the Oxford Federal Prison Camp,

where the Bureau has currently scheduled him for transfer to the selfsame requested halfway house in October 2007.

_____
Milton I. Shadur
Senior United States District

Dated:    March 27, 2007